IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHELLE HOLLINS,<br>*On behalf of T.D.T., a minor*,<br>      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,[1]<br><br>      Defendant. | Case No. 12-1348-CV-DPR |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Michelle Hollins, on behalf of her minor son, T.D.T., in a decision dated February 9, 2012 (Tr. 8-20). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that the ALJ erred in finding that the claimant had less-than-marked limitations in five of the six domains of functioning and in finding that the claimant's limitations in interacting and relating with others were marked and not extreme (Doc. 11). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

In determining whether a child is disabled, the Commissioner uses a three-step evaluation. At the first step, the ALJ must determine whether the claimant is engaged in

substantial gainful activity. At step two, the ALJ determines whether the child has an impairment or combination of impairments that is severe. At step three, the ALJ decides whether the claimant's impairment or combination of impairments meets or medically equals a listing, or functionally equals a listing. *See Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 721 (8th Cir. 2005); 20 C.F.R. § 416.924. To determine whether an impairment or combination of impairments functionally equals a listing, the ALJ assess the claimant's functioning in six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for self; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment functionally equals a listing when it results in "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. *See England v. Astrue*, 490 F.3d 1017, 1020 (8th Cir. 2007); 20 C.F.R. § 416.926a(a).

The ALJ found that the claimant had a marked limitation in the domain of interacting and relating with others and less-than-marked limitations in all other domains of functioning. His determination is supported by substantial evidence in the record. The claimant argues that the ALJ should have found him extremely limited in interacting and relating with others, and markedly limited in the domains of attending and completing tasks and caring for self. The undersigned disagrees. The ALJ discussed and evaluated the medical evidence, the school reports, the testimony of the claimant, and the testimony of his mother as the evidence related to each domain of functioning. Furthermore, the ALJ properly considered and weighed the opinion evidence in the record; he gave good reasons for giving controlling weight to the opinion of Dr. True and substantial weight to the opinion of Mr. Little, the claimant's teacher. Notably, the ALJ found that claimant had limitations in attending and completing tasks and in caring for

himself, but he determined that the limitations were less than marked.

Based upon review of the evidence of record, the Court finds substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: March 24, 2014**

      /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**